```
                                              FILED
                                         2014 AUG 20  PM 4:04
                                     CLERK U.S. DISTRICT COURT
                                     CENTRAL DIST. OF CALIF.
                                            SANTA ANA
                                     BY ___LAW___
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCATO GARDENS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>RITA O. ROCHA; EDUARDO ROMERO-SALGADO; and DOES 1 TO 5,<br><br>    Defendants. | CASE NO. SACV 14-01242 UA (DUTYx)<br><br>ORDER CLARIFYING JURISDICTIONAL STATUS |

    Interested Party Richardo Palacios (the "Interested Party") recently commenced this action by filing an application to proceed in forma pauperis ("IFP Request") and lodging a corresponding Notice of Removal of the underlying unlawful detainer action pending in the state court. By separate order, the Court has denied the Interested Party's IFP Request and closed the action because this Court lacks jurisdiction over state unlawful detainer actions. The Interested Party's Notice of Removal and the attached copy of the underlying state complaint further fail to set forth facts supplying either diversity or federal-question jurisdiction. Therefore, the Interested Party's attempted removal was improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp. v. Allapattah Svcs.,*

*Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000. Plaintiff's unlawful detainer action also fails to raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b).

Further, because the Interested Party's Notice of Removal was only lodged rather than expressly filed as required by 28 U.S.C. § 1446(a), the underlying state case was never effectively removed to this Court and remains pending in the state court. Since the parties and the state courts may not be familiar with § 1446(a)'s removal requirements, the Court issues this Order clarifying the jurisdictional status of this case.

The Interested Party is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court will address by way of punitive remedial measures, which may include having the Interested Party designated as a vexatious litigant and barred from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Orange County, 1275 N. Berkeley Avenue, Fullerton, CA, 92832, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the clerk send a certified copy of this Order to the state court; and (3) that the clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 8/15/14

GEORGE H. KING
CHIEF JUDGE